### CHAMPION SPARK PLUG CO. v. SANDERS et al.
### Civil Action No. 3767.

District Court, E. D. New York.
Aug. 29, 1944.

788

Ward, Crosby & Neal, of New York City, for plaintiff.

John Wilson Hood, of New York City, for defendants.

BYERS, District Judge.

After the filing of the decision of June 15, 1944, 56 F.Supp. 782, a motion was made by the plaintiff, the object of which was to file affidavits of four persons in the employ of the plaintiff: Brace H. Sibley, Frank H. Riddle, Herbert F. Royal, and Wilfrid R. Foster, whose affidavits are dated July 6 and 7, 1944, respectively, for use in formulating the order to be entered on the decision.

The matters covered are:

(1) That the suggestion of the Court that the prefix "Ex" with a hyphen be applied to the defendants' product, both on the spark plugs themselves and on their containers, would perhaps cause confusion, in view of the trade-mark used by the plaintiff on certain of its products, "Champion X". This seems to be far-fetched and of little moment.

(2) That the word "Champion" on the spark plugs sold by the defendants can be easily and cheaply removed by the application of a solution containing hydrofluoric acid, muriatic acid and water, followed by rinsing in water, without deleterious effect upon the porcelain element of the plugs, for the reason that since the word "Champion" does not penetrate the glaze its removal need not do that, as the word itself is applied to glazed insulators "by means of ink on rubber type, the red color being composed of iron oxide ground in printer's special oil. After the color is transferred to the insulators, they are passed through a decorating furnace and heated to a temperature of approximately 1400° F. to burn the color firmly onto the glaze, as is done in the ordinary process of decorating china; thus the decoration is on the surface of the glaze and not underneath the glaze, which has previously been fired at a much higher temperature."

That such removal of the word "Champion" through the application of the acid solution would not impair the glaze is stated as follows: "The acid affects only an infinitesimal depth of the glaze surface, without affecting its ability to resist accumulations of moisture or dirt."

The object of these affidavits is to fortify the plaintiff's assertion that it is entitled to an injunction prohibiting the defendants from retaining the word "Champion" on the spark plugs, even with the prefix "Ex-" as suggested by the Court.

These affidavits are accepted for the reason that their filing was prompted by the said opinion, and as the suggestion concerning the use of the prefix "Ex-" was advanced in a somewhat tentative form, the responsibility should be assumed by the Court for having invited the filing of these affidavits.

For the defendants, an opposing affidavit of Samuel Sanders is offered, verified July 18, 1944, which contains nothing factual in answer to the matters above referred to, but is purely argumentative, and suggests that the plaintiff's affidavits be not received and filed.

Obviously the Court is hesitant, on a motion for preliminary injunction, to grant the full relief which the plaintiff seeks, for the reason that the defendants should be permitted their day in court on the question of whether the process of reconditioning, as revealed by the 40 samples of spark plugs

referred to in the opinion, actually result-ed in the structural changes therein recited.

 I am still of the opinion that, for the purpose of the temporary injunction, the defendants should be required to label the product which they sell "Ex-Champion", and if this cannot be accomplished by the application of the prefix "Ex-" on the porcelain insulator in as fixed a form as is accomplished by the plaintiff itself, no reason is perceived why the word "Ex-Champion" cannot be printed on a label to be pasted directly on the porcelain insulator; perhaps that label will disappear when the plug is put to use in the cylinder of the motor, but at least it will serve as a warning to a purchaser who takes the trouble to remove the spark plug from the cardboard container, that he is not procuring the plaintiff's product as it was manufactured.

The other provisions of the decision concerning the application of the word "Ex-Champion" to the containers and its appearance in advertising matter, and the stamping of the word "Used" into the metal of one face of the hex, and the repainting of the metal part of the plug, are to be incorporated in the order.

Settle order on notice.